CC: TO JUDGE MR

CV 01-01915 #00000038

FILED
LODGED ——— ENTERED
——— RECEIVED

NOV 21 2002 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

FREISE & WELCHMAN
108 S. Washington Street, Suite 400
Seattle, Washington 98104
(206) 587-6570
Attorneys for Plaintiffs

Paul J. Hirsh, P.C.
4 Campus Drive
Suite 1 South
Parsippany, New Jersey 07054
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BIANCA FAUST, individually and as guardian of GARY C. FAUST, a minor, and BIANCA CELESTINE MELE, <br><br> Plaintiffs, <br> vs. <br><br> BELLINGHAM, WASHINGTON LODGE #493 LOYAL ORDER OF MOOSE, INC., et al. <br><br> Defendants. | Civil Action No C01-1915R <br><br> **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF MEMBERSHIP LIST** <br><br> **NOTE ON MOTION CALENDAR.** <br> **December 6, 2002** |

PLAINTIFF'S MOTION TO COMPEL PROCUTION OF
MEMBERSHIP LIST - 1

FREISE & WELCHMAN
ATTORNEYS AT LAW
108 S WASHINGTON ST SUITE 400
SEATTLE WASHINGTON 98104 • 206 587 6570
MICHAELH@FREISE WELCHMAN COM

## I. Relief Requested

Plaintiffs, by and through their attorneys, move the Court to order the Moose Lodge to produce its membership list.

## II. Statement of Facts

April 21, 2000, Mr Kinkaid crashed head-on into a car driven by Bianca Foust. Mr. Kinkaid was killed. Ms. Faust and her two passengers were severely injured. Reports indicate that Mr. Kinkaid was legally intoxicated at the time.

Prior to the accident, Hawkeye Kinkaid had been drinking at the Bellingham Moose Lodge #493. The amount of alcohol he consumed there, his condition while being served it and the exact time he left the Lodges are facts that remain in dispute. *See Declaration of Paul Hirsh*

Plaintiffs have requested that the Moose Lodge produce its membership list. The Moose Lodge keeps a membership list that contains the names and addresses of their members and their dates of membership, but has refused to produce it. *See Declaration of Paul Hirsh.*

## III Statement of Issue

Whether the Court will grant the plaintiffs' motion and order the Moose Lodge to provide the plaintiff's with a copy of its members list, where this list is relevant, not-privileged, and is in sole custody of defendants?

## IV. Evidence Relied Upon

This Motion relies the Declaration of Paul Hirsh, the Federal Rules of Civil Procedure and Evidence and the records and files herein.

PLAINTIFF'S MOTION TO COMPEL PROCUTION OF
MEMBERSHIP LIST - 2

FREISE & WELCHMAN
ATTORNEYS AT LAW
108 S WASHINGTON ST SUITE 400
SEATTLE WASHINGTON 98104 • 206 587 6570
MICHAELH@FREISE WELCHMAN COM

## V. Legal Authority

The Moose Lodge should be ordered to provide the plaintiffs with their membership list. The Federal Civil Rules, the Federal Rules of Evidence, and Case Law support the plaintiffs' Motion to Compel  The Moose Lodge should be order to produce its membership list.

Federal Civil Rule 37 provides that when a party fails to respond to discovery requests, the party that initiates discovery may move for an order compelling responses. Furthermore, Compilations of data, including membership lists, are discoverable under Federal Civil Rule 34, if relevant and not privileged

Relevant evidence is defined under Federal Evidence Rule 401 as any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Finally, the Supreme Court permits the discovery of membership lists where their use is confined litigation purposes. *Seattle Times Co v. Rheinhart*, 467 U.S. 20, 36-37, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) (holding that the Seattle Times newspaper could obtain a membership list from a religious organization without violating its members civil rights).

Here, the Moose Lodge has not provided the plaintiffs with the membership list containing the names and addresses of their members. The Moose Lodge's membership list is both relevant and not privileged  Furthermore, its production for litigation purposes will not violate any of Lodge's members' civil rights.

Determining what time Mr Kinkaid left the Lodge and whether he appeared intoxicated must be answered by witness testimony. Any member who was at the Lodge on the night of the accident may be able to provide evidence vital to resolving this case

PLAINTIFF'S MOTION TO COMPEL PROCUTION OF
MEMBERSHIP LIST - 3

FREISE & WELCHMAN
ATTORNEYS AT LAW
108 S  WASHINGTON ST   SUITE 400
SEATTLE  WASHINGTON 98104 • 206 587 6570
MICHAELH@FREISE WELCHMAN COM

1 | November 14, 2002

FREISE & WELCHMAN

By _____
Peter C. Lawson
WSBA #28886
Of Attorneys for Plaintiffs

PAUL J. HIRSH, P.C.

By _____
Paul J. Hirsh
Attorneys for Plaintiffs

PLAINTIFF'S MOTION TO COMPEL PROCUTION OF
MEMBERSHIP LIST - 4

FREISE & WELCHMAN
Attorneys at Law
108 s. washington st., suite 400
seattle, washington 98104 • 206-587-8570
michaelh@freise-welchman.com