**HONORABLE BARBARA J. ROTHSTEIN**

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAR 1 0 2003   KN

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BIANCA FAUST, individually and as guardian of GARY C. FAUST, a minor, and BIANCA CELESTINE MELE,<br><br>Plaintiffs,<br><br>vs.<br><br>BELLINGHAM, WASHINGTON LODGE #493 LOYAL ORDER OF MOOSE, INC., JOHN DOES (1-10) (fictitious names of unknown Individuals and/or entities) and ABC CORPORATION (1-10) (fictitious names of unknown individuals and/or entities),<br><br>Defendants | CIVIL ACTION NO C01-1915R<br><br>DEFENDANT'S MOTIONS IN LIMINE<br><br>CV 01-01915 #00000080 |

## I.  RELIEF REQUESTED

COMES NOW the defendant Bellingham, Washington Lodge #493 Loyal Order of Moose, Inc. ("the Moose Lodge"), and moves the Court for an order instructing the plaintiffs, their counsel, representatives and witnesses to refrain from discussing or making mention, by hint or otherwise, or conveying in any manner whatsoever, during voir dire, opening statement, interrogation of

DEFENDANT'S MOTION IN LIMINE- 1

3568/P/motions in limine doc

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET, SUITE 300
SEATTLE WASHINGTON 98104
(206) 622-1264

ORIGINAL

witnesses, objections, argument, and/or recess, the matters hereinafter set forth without first obtaining permission of the Court, without the presence and hearing of the jury or any member thereof

1. Any mention of the financial status of the defendant or the relative impecuniosity of the plaintiff,
2. Any mention of the defendant's liability insurance or defendant's experts' professional liability insurance,
3. Any display of exhibits before the jury until the exhibit is admitted by the Court into evidence or until permission has been obtained from the court,
4. Any mention of circumstantial evidence relating to Mr Kincaid's or Alexis Chapman's condition or whereabouts on April 21, 2000 that lead to more that one conclusion, such as Mr Kincaid's physical appearance,
5. Any mention of Alexis Chapman's bartending conduct at any time other than the evening of April 21, 2000,
6. Any mention of Hawkeye Kincaid's drinking at any time other than the evening of April 21, 2000,
7. Any mention of the service of alcohol at the Moose Lodge at any time other than the evening of April 21, 2000,
8. Any reference to or exhibition of portions of the autopsy report prepared by Dr Gary Goldfogel that relate to Mr Kincaid's whereabouts and activities on the night of April 21, 2000 or are otherwise inadmissible,
9. Any testimony or report prepared by Fred Del Marva,
10. Any opinion testimony based on, or other mention of, medical records or treatment of plaintiffs that were not disclosed on or before the discovery cutoff of February 10, 2003, by plaintiffs,
11. Any argument by counsel requesting the jurors to place themselves in the position of the plaintiffs,

DEFENDANT'S MOTION IN LIMINE- 2

3568/P/motions in limine doc

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET SUITE 300
SEATTLE WASHINGTON 98104
(206) 622-1264

12. Evidence of other claims or cases against defendant,

13. Any mention that this motion has been argued before the Court,

14. Any mention of previous motions for summary judgment,

15. Any videotapes or portions of videotapes depicting plaintiffs,

16. Any mention of previous settlement negotiations,

17. Any mention or evidence regarding the expenses of litigation,

18. Any evidence of lay opinions on expert issues,

19. Any evidence regarding consulting experts,

20. Any "vouching" arguments, and

21. Any mention of attorney's personal beliefs

## II.   LEGAL ARGUMENT

Pretrial motions to exclude evidence are designed to simplify the trial and to avoid the prejudice that often occurs when a party is forced to object in front of the jury to the introduction of evidence. *Fenimore v. Donald M. Drake Construction*, 87 Wn.2d 85, 89, 549 P.2d 43 (1976). When a trial court is able to determine the admissibility of the questioned testimony prior to its introduction at trial, it is appropriate to grant the motion in limine and thereby avoid prejudice before the jury. *State v. Kelly*, 102 Wn.2d 188, 192-93, 685 P.2d 564 (1984). The standards for granting a motion in limine are set forth in *Fenimore* as follows:

> [T]he trial court should grant a motion if it describes the evidence which is sought to be excluded with sufficient specificity to enable the trial court to determine that it is clearly inadmissible under the issues as drawn which may develop during the trial and if the evidence is so prejudicial in its nature that the moving party should be spared the necessity of calling attention to it by objecting when it is offered during the trial.

87 Wn.2d at 91.

FRCP 16 and ER 104 allow the Court to enter an order in limine prohibiting trial counsel from presenting evidence on matters properly excludable. In *Osborn v. Lake Washington School*

DEFENDANT'S MOTION IN LIMINE- 3

3568/P/motions in limine.doc

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P.S.
ATTORNEYS AT LAW
505 MADISON STREET SUITE 300
SEATTLE, WASHINGTON 98104
(206) 622-1264

*District,* 1 Wn App 534, 538, 462 P 2d 966 (1969), the court recognized that a motion in limine made prior to the impaneling of the jury is a proper method to exclude such evidence As described below, each of the items listed above are inadmissible, and an order in limine should be entered prior to trial prohibiting evidence or testimony on these issues

**1.   Any mention of the financial status of the defendant or the relative impecuniosity of the plaintiff**

In *Nollmeyer v Tacoma Ry & Power Co*, 95 Wash 595, 164 Pac 229 (1917), the court declared it was improper for a plaintiff to attempt to show that there was insufficient money for a necessary surgical operation  Courts in the Ninth Circuit have similarly held that the financial standing of a defendant is inadmissible as evidence in determining the amount of damages to be awarded at trial *Geddes v United Financial Group,* 559 F 2d 557 (9th Cir 1977)   The Court in *Geddes* noted that "the ability of a defendant to pay the necessary damages injects intot he damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result " *Id* at 560, *citing Blackenship v Rowntree,* 219 F 2d 597, 598 (10th Cir 1955)

The Washington Supreme Court has held many times that to inject such prejudicial matters before a jury constitutes reversible error even though a timely exception may not have been taken  In the case of *Carabba v Anacortes School District,* 72 Wn 2d 939, 951 (1967), one of the defense attorneys, in his closing argument, indicated that if a jury brought in a verdict against the defendant, the school district would be required to close down their athletic programs  The court ruled that this statement was an appeal to the self-interest of the jury and constituted attorney misconduct  A new trial was granted

In 5 Am Jur 2d 243, § 801, it is declared

> In holding that the admission of evidence was harmless error, the courts have conditioned their decisions upon the fact that the evidence was meaningless, or of trivial importance, immaterial or without reference to the matter in controversy  However, if the evidence has a tendency to arouse the sympathy or passions of the jury, its admission may be reversible error despite its lack of materiality to the actual issue

DEFENDANT'S MOTION IN LIMINE- 4

3568/P/motions in limine doc

KINGMAN PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET SUITE 300
SEATTLE, WASHINGTON 98104
(206) 622 1264

Further, in the annotation "Counsel's Appeal in Civil Case to Wealth or Poverty of Litigants as Ground for Mistrial, New Trial or Reversal", 32 ALR 2d 9, it is stated

> It appears to be well established that argument referring to the wealth or poverty of a party, or contrasting the financial status of one party with that of the other, is ordinarily improper, unless relevant to some issue properly in the case, the theory being that jurors have a tendency to favor the poor as against the rich, and if provoked by such inflammatory argument, are likely to apply the "deep pocket" theory of liability, or to adjust the size of the verdict to the financial ability of the party who is to pay it

*Id* At 17

**2.     Any mention of defendants' or defendants' experts' professional liability insurance**

There should be no argument, mention or reference to the fact that the defendant or defendant's experts have professional liability insurance  ER 411 clearly states, "[E]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligenctly or otherwise wrongfully "

The Court should instruct the plaintiffs' counsel not to mention the fact that defendant or its experts have liability insurance

**3.     Any display of exhibits before the jury until the exhibit is admitted by the court into evidence or until permission has been obtained from the court**

This motion involves a matter of fundamental fairness  If an exhibit is used in opening statement or closing argument and such exhibit is not admissible evidence or not a fair summary of admissible evidence, the opposing party is unfairly prejudiced

**4.     Any mention of circumstantial evidence relating to Mr. Kincaid's or Alexis Chapman's condition or whereabouts on April 21, 2000 that lead to more that one conclusion, such as Mr. Kincaid's physical appearance.**

As extensively briefed in defendant's pending Second Motion for Summary Judgment, plaintiffs cannot present circumstantial evidence in support of their claim that Mr Kincaid was served alcohol while obviously intoxicated, unless such evidence can only lead to one conclusion  For example, plaintiffs should not be allowed to present evidence that Mr Kinkaid appeared pale that

DEFENDANT'S MOTION IN LIMINE- 5

3568/P/motions in limine doc

KINGMAN PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET, SUITE 300
SEATTLE WASHINGTON 98104
(206) 622-1264

evening as evidence of obvious intoxication, as there existed multiple explanations for his appearance. To allow such evidence would be in violation of ER 403, in that any minute amount of probative value to be gained by such information would be clearly outweighed by the risk of unfair prejudice, confusion of the issues, or misleading the jury.

### 5. Any mention of Alexis Chapman's bartending conduct at any time other than the evening of April 21, 2000

"Relevant evidence" is identified as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence." Fed. R. Evid. 401. For a fact to be "of consequence" there must be some "rational connection" between the evidence offered by a litigant and the legal rule on which he claims a right to recover. Wright & Graham, Federal Practice and Procedure, Vol. 22 §5164, P. 37. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Evidence which is deemed to be relevant may nonetheless be excluded if its probative value is outweighed by, *inter alia*, confusion of the issues. Fed. R. Evid. 403.

Defendant believes plaintiffs intend to offer evidence that Alexis Chapman served obviously intoxicated person at other times during her twenty-two year career as a bartender. The only conduct of Alexis Chapman at issue in this case is her conduct as a bartender at the Moose Lodge on April 21, 2000. Ms. Chapman's bartending activities prior to or after April 21, 2000 have no bearing on the issues central to this action. Moreover, evidence of other acts is "not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The only effect of admitting evidence of Ms. Chapman's prior bartending activities would be to unfairly prejudice the jury. Furthermore, testimony about any other night is likely to confuse the jury into thinking that just because Ms. Chapman allegedly engaged in a particular activity on

DEFENDANT'S MOTION IN LIMINE- 6

3568/P/motions in limine doc

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P.S.
ATTORNEYS AT LAW
505 MADISON STREET, SUITE 300
SEATTLE, WASHINGTON 98104
(206) 622-1264

one evening, she must have engaged in a similar activity on April 21, 2000, which is strictly prohibited by ER 404

Inasmuch as there is no issue before the Court concerning Ms Chapman's conduct as a bartender on any occasion other than April 21, 2000, evidence as the same is clearly irrelevant under the definition set forth in ER 401  As such, it is inadmissible pursuant to ER 402  Further, any discussion of Ms Chapman's earlier or later behavior could only serve to confuse the issues at trial by leading a jury to believe that Ms Chapman had a tendency to act in a certain manner and, therefore, is additionally inadmissible pursuant to ER 403 and 404

**6.  Any mention of Hawkeye Kincaid's drinking habits at any other time than the evening of April 21, 2000**

Defendant believes that plaintiffs intend to offer evidence that Mr Kinkaid had, on other occasions, drank alcohol to the point of intoxication  The critical issue involved in this matter is what and where Mr Kincaid drank on one particular evening  Mr Kincaid's alcohol consumption on an other evening than the night of the accident is completely irrelevant to this action and such evidence would be extremely prejudicial

Allowing plaintiffs to present evidence as to the amount or type of alcohol Mr Kincaid had consumed prior to April 21, 2000 would do nothing to make plaintiffs' assertion that Mr Kincaid was served at the Moose Lodge while obviously intoxicated on that particular evening more or less true  The only purpose of presenting such evidence would be to try to convince the jury that because Mr Kincaid engaged in a particular behavior on one occasion, he had the propensity to engage in that same behavior on another  Such evidence is inadmissible pursuant to ER 404, as well as ER 401, 402, and 403

DEFENDANT'S MOTION IN LIMINE- 7
3568/P/motions in limine doc

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET  SUITE 300
SEATTLE  WASHINGTON 98104
(206) 622-1264

7        **Any mention of the service of alcohol at the Moose Lodge at any other time than the evening of April 21, 2000**

Defendant also believes that plaintiffs intend to present evidence that members and guests at the Moose Lodge, on other occasions, have consumed alcohol to the point of intoxication. For the reasons set forth in both motion in limine numbers 6 and 7, evidence regarding the method and manner with which the Moose Lodge dispenses alcohol should be deemed inadmissible pursuant to ER 401, 402, 403, and 404

**8.        Any reference to, or exhibition of, portions of the autopsy report prepared by Dr. Gary Goldfogel that relate to Mr. Kincaid's whereabouts prior to the accident or are otherwise inadmissible**

Plaintiffs previously struck Dr. Goldfogel as a witness in this matter and his only participation in this trial is as the author of the autopsy report performed on Mr. Kinkaid. Dr. Goldfogel had no independent knowledge regarding Mr. Kincaid's activities prior to the car accident that occurred on April 21, 2000. Therefore, to the extent that Mr. Kincaid's activities that evening are included in Dr. Goldfogel's report, such references are nothing more than inadmissible double hearsay and are inadmissible pursuant to ER 801, 802 and 805

Furthermore, Dr. Goldfogel's report includes detailed descriptions of Mr. Kincaid's tattoos, which are irrelevant to this action and have the potential to prejudice the jury. Any pictures or descriptions of Mr. Kinkaid's tattoos should be excluded persuant to ER 401, 402 and 403

Attached as Exhibit 1 to the Declaration of Meredith J. Hillman is a copy of the Autopsy Report on which the sections to be excluded are highlighted

**9.        Any testimony or report prepared by Fred Del Marva**

Fred Del Marva is plaintiffs' purported "dram shop expert." Defendant understands that Mr. Del Marva has been barred from testifying by previous order of the Court. However, Mr. Del

DEFENDANT'S MOTION IN LIMINE- 8

*3568/P/motions in limine doc*

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET, SUITE 300
SEATTLE, WASHINGTON 98104
(206) 622-1264

Marva should additionally be barred from testifying as he lacks any recognized expertise. It remains unclear what special education or skills one must posses in order to qualify as a "dram shop expert."

Under ER 702, an expert may testify, "[I]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify." Mr. Del Marva's only qualifications appear to be that he has worked alongside toxicologists and has testified in over a hundred cases. See Exhibit 2 to the Declaration of Meredith J. Hillman. While that might be enough qualify Mr. Del Marva as a guest on the "Geraldo" show (per his resume), it does qualify him to testify as an expert witness in federal litigation. Any testimony presented by plaintiffs' "dram shop expert" will do nothing to assist the jury in understanding the issues involved in this case.

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Court set out the factors to be considered in applying ER 702. The Court listed those factors as: (1) whether the theory or technique can be or has been tested, (2) whether the theory or technique has been subjected to peer review, (3) whether the error rate is known and standards exist controlling the operation of the technique, and (4) whether the theory or technique has gained general acceptance. *Id.* at 593-94, 113 S.Ct. 2786.

Mr. Del Marva's report and supplemental report are so far out of the realm of permissible expert testimony that the standards set forth in *Daubert* may not even apply. See Exhibits 3 and 4 to the Declaration of Meredith J. Hillman. Mr. Del Marva's conclusions are not based on any scientific technique or theory. His opinions, if based on anything other than plaintiffs' proposed theories of liability, are based on inadmissible double and triple hearsay. In his reports, Mr. Del

DEFENDANT'S MOTION IN LIMINE- 9

3568/P/motions in limine doc

KINGMAN PEABODY, PIERSON & FITZHARRIS, P.S.
ATTORNEYS AT LAW
505 MADISON STREET, SUITE 300
SEATTLE, WASHINGTON 98104
(206) 622-1264

Marva does nothing more than make a series of strikingly conclusory opinions while lacking any experience or foundation to make them

Moreover, Mr Del Marva offers opinions in his reports that are duplicative of those offered by Richard Saferstein, plaintiffs' named toxicologist Local Civil Rule 43(j) states that "a party shall not be permitted to call more than one expert witness on any subject " To the extent that Mr Del Marva plans to offer testimony relating to conclusions he draws from Mr Kincaid's blood alcohol level, the absorption rate, or the effect of alcohol on Mr Kincaid's systems and functioning his testimony violates this rule As such, Mr Del Marva's testimony is additional inadmissible pursuant to 43(j)

**10.     Any opinion testimony based on, or other mention of, medical records or treatment of plaintiffs that were not disclosed on or before the discovery cutoff of February 10, 2003, by plaintiffs**

Plaintiffs propose to present testimony from two of Gary Christopher Faust's physicians, Dr Joan Gold and Dr Ellen Shapiro Despite the requirements of Fed Civ Rule 26 and repeated requests from defendant's counsel, plaintiffs failed to disclose or provide Mr Faust's complete records from any provider Defendant still does not have any medical records from Dr Gold for treatment after October 20, 2001 Similarly, very few records were provided from Dr Shapiro, the last of which is from May 29, 2002 Any testimony regarding plaintiffs' treatment should be limited to records that were actually and properly disclosed by plaintiffs

**11.     Any argument by counsel requesting the jurors to place themselves in the position of the plaintiffs**

A juror's duty is to act disinterestedly and impartially Ninth Circuit Civil Jury Instruction 1 1, *Meabon v State*, 1 Wn App 824, 831, 463 P 2d 789 (1970), *see also* 70 A L R 2d 395, 75 Am Jur 2d Trials § 282 Accordingly, such argument by plaintiffs' counsel would be improper and should not be allowed

DEFENDANT'S MOTION IN LIMINE- 10
3568/P/motions in limine doc

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET SUITE 300
SEATTLE WASHINGTON 98104
(206) 622-1264

**12.     Evidence of other claims or cases against the defendant**

This evidence is inadmissible as irrelevant and as impermissible character evidence. ER 402, 404. Furthermore, any probative value is outweighed by its prejudicial effect. ER 403.

**13.     Any mention that this motion has been argued before the Court**

The Court should admonish the plaintiffs and their counsel to not mention that defendant brought this motion in limine prior to the beginning of trial. If any prejudicial comments or arguments are made before the Court, or if improper evidence is introduced, the Court should instruct the jury to disregard them. Moreover, the Court should consider this motion in limine as a continuing motion for a mistrial if such events occur.

**14.     Any mention of previous motions for summary judgment**

The Court should admonish the plaintiffs and their counsel to not mention that defendant brought dispositive motions prior to the beginning of trial. If any prejudicial comments or arguments are made before the Court, the Court should instruct the jury to disregard them. Moreover, the Court should consider this motion in limine as a continuing motion for a mistrial if such events occur.

**15.     Any videotapes or portions of videotapes depicting plaintiffs**

Plaintiffs have produced two videotapes showing Gary Christopher Faust. Both contain essentially the same content, with one being slightly longer than the other. The tape shows Mr. Faust getting ready for school on the morning of November 2, 2001 and attending physical therapy on the afternoon of October 18, 2001. As this tape was taken over a year and a half ago, this tape does not accurately reflect Mr. Faust's condition today and could only serve to prejudice the jury. This videotape, in its entirety, should be precluded from presentation to the jury pursuant to ER 403. This tape also has audio components that should be muted if the tape is permitted to be viewed by the jury.

DEFENDANT'S MOTION IN LIMINE- 11

3568/P/motions in limine doc

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET SUITE 300
SEATTLE WASHINGTON 98104
(206) 622 1264

### 16. Any mention of previous settlement negotiations

Federal evidentiary rules specifically prohibit any mention of settlement offers or proposals in order to prove the validity of invalidity of a claim  ER 408 states in relevant part

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or atempting to compromise a claim which was disputed as to either vvalidity or amount, is not admissible to provie liabililty or invalidity of the claim or its amount  Evidece of conduct or statements made in compormise negotiations is likewise not admissible

Fed R Evid 408  Pursuant to this rule, the Court should prohibit any mention of previous settlment negotiations

### 17. Any mention or evidence regarding the expenses of litigation

Any and all reference to litigation expenses incurred by the plaintiffs or defendant must be excluded from trial  Expenses of litigation are not recoverable unless authorized by contract, statute, or a recognized ground of equity  *Lincor Contractors, Ltd v Hyskell*, 39 Wn App 317, 324, 692 P 2d 903 (1984), *rev denied*, 103 Wn 2d 103 Wn 2d 1036 (1985)  Plaintiffs have advanced no theory under which the plaintiffs could recover the cost of litigation in the instant case  Therefore, any evidence regarding the cost of litigation would be irrelevant to the issues to be decided by the jury pursuant to ER 401 and 402

To the extent that plaintiffs might conceivably claim that this evidence is relevant, it should also be excluded under ER 403  Evidence regarding the cost of litigation would only create undue sympathy for the plaintiffs with the jury and may influence the jury to calculate an award for the plaintiff on an improper basis  Therefore, such evidence creates a danger of unfair prejudice, confusion of the issues and misleading the jury, which far outweighs any probative value that such evidence could have  Therefore, such evidence is additionally excludable under ER 403

DEFENDANT'S MOTION IN LIMINE- 12

3568/P/motions in limine doc

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET SUITE 300
SEATTLE WASHINGTON 98104
(206) 622 1264

### 18. Any evidence of lay opinions on expert issues

Expert testimony is necessary to prove that defendant proximately caused the plaintiffs' alleged damages. As the Washington Supreme Court has noted "admission of lay opinion testimony should be excluded where the sort of opinion expressed call for that of an expert."

Plaintiffs and plaintiffs' friends and family and various other lay witnesses may testify at trial. To defendant's knowledge, none of these family members have training as health care professionals or toxicologists. Therefore, none of these lay witnesses are qualified to offer opinions regarding causation and damage issues, and, therefore, there should be no testimony by any lay witnesses regarding such issues. Any such testimony would be based on pure speculation and conjecture, and would serve only to prejudice the defendant and confuse the jury.

### 19. Any evidence regarding consulting experts

Plaintiffs and defendant have identified experts. Plaintiffs should not be allowed to mention or call the consulting experts of the defendant.

### 20. Any "vouching" arguments

Defendant moves the Court to enter an order prohibiting counsel from attempting to vouch for the testimony of other witnesses. This might come up by asking a witness to assume that another witness has testified in a particular manner. Examples might include: "Dr. Smith, do you agree with the testimony of Dr. Jones when he said xyz?" or "Assume that Dr. Smith testified that xyz (followed by a question)."

### 21. Any mention of attorney's personal beliefs

Any injection of an attorney's beliefs at trial is improper. *U.S. v. Davis*, 564 F.2d 840 (9th Cir. 1978), *U.S. v. Hoskins*, 446 F.2d 564 (1th Cir. 1971), *State v. Case*, 49 Wn.2d 66, 298 P.2d 500 (1956), *State v. Collins*, 50 Wn.2d 740, 14 P.2d 660 (1957), *State v. Robinson*, 44 Wn. App. 611, 722 P.2d 1379 (1986), *State v. Reed*, 102 Wn.2d 140, 684 P.2d 699 (1984), *State v. Allen*, 57 Wn. App. 134, 787 P.2d 566 (1990).

DEFENDANT'S MOTION IN LIMINE- 13

3568/P/motions in limine doc

KINGMAN, PEABODY PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET SUITE 300
SEATTLE WASHINGTON 98104
(206) 622-1264

1  Similarly, it is improper for an attorney to express his or her own personal beliefs about a
2  witness' veracity. *U.S. v Nelson*, 745 F 2d 840 (4th Cir 1984), *State v York*, 50 Wn App 446, 749
3  P 2d 683 (1987), *State v. Papadopoulos*, 34 Wn App 397, 622 P 2d 59 (1983), *State v Graham*, 59
4  Wn App 418, 798 P 2d 314 (1990), *State v Neidigh*, 78 Wn App 71, 895 P 2d 423 (1995). The
5  attorney may not personally vouch for the credibility of a witness. *State v Brett, 126* Wn 2d 136, 892
6  P 2d 29 (1995).

8  DATED    March 10, 2003

9           KINGMAN PEABODY
           PIERSON & FITZHARRIS, P S

11         _____
12         William E Fitzharris, Jr  WSBA #7122
           Meredith J Hillman, WSBA # 31454
13         Attorneys for Defendant Bellingham,
           Washington Lodge No 493, Loyal Order of
14         Moose, Inc

DEFENDANT'S MOTION IN LIMINE- 14

3568/P/motions in limine doc

KINGMAN, PEABODY, PIERSON & FITZHARRIS, P S
ATTORNEYS AT LAW
505 MADISON STREET, SUITE 300
SEATTLE WASHINGTON 98104
(206) 622-1264